Poor Quality Original

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

44

JOSE VILLANUEVA
        Plaintiff,

Case: 2:23-cv-12872
Assigned To : Grey, Jonathan J.C.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 11/13/2023
Description: PR VILLANUEVA V. WASHINGTON ET AL (MC)

V.

HEIDI E. WASHINGTON, RICHARD D. RUSSELL,
DAVE SHAVER, J. LaFAVE, McROBERTS,
J. LAVINGE, T. RYDER, Capt. BAILEY
Lt. C. CRITES, c/o COLEMAN, any Un-named
JOHN and JANE DOE[S], Et Al.,
(in all Official and Individual Capacities).
        Defendants,

**J U R Y   T R I A L
R E Q U E S T E D**

---

Jose Villanueva, Pro Se.
MiDOC No. 299314
Earnest C. Brooks Corr. Facility
2500 South Sheridan Drive
Muskegon Heights, Mi. 49444
email: www.JPay.com/mi/lrf/
        @JoseVillanueva#299314

Counsel for Defendant:
Michigan Dept. of Attorney General
MiDOC Division
P.O.Box 30217
525 W. Ottawa St.
Lansing, MI. 48909

---

THERE ARE NO OTHER PENDING OR RESOLVED CIVIL ACTIONS OUT OF
THE TRANSACTIONS AND OCCURENCES ALLEGED IN THE COMPLAINT.
PLAINTIFF HAS -01- PREVIOUS CIVIL ACTIONS.

PLAINTIFF'S 42 USC Sec.1983 COMPLAINT REQUESTING DAMAGES
AWARDED RESULTING FROM ASSAULT BY MiDOC OFFICER CAUSING INJURY

**N O W   C O M E S** Jose Villanueva herein after Plaintiff, or Complaintant in
Pro Se.

[Plaintiff] Files civil complaint levied against [The Defendant's] pursuant to
42 USC §1983 for **REDRESS** of Constitutional Right[s] resulting from a Assault on
Plaintiff Villanueva by an Michigan Department of Corrections (Correctional
Officer), operating under Color of State Law at the Parnall Correctional
Facility (Southern Michigan Temporary Facility(SMT)), located in Jackson,
Michigan.

-ComplainT-

**JURISDICTION:**

This is a civil complaint authorized pursuant to 42 USC §1983 for the redress of Deprivation under Color of Law, for the redress of Rights set forth within the Constitution of the United States.

28 USC §1331, and §1343(a)(3) vests this Honorable Court with Jurisdiction, Plaintiff requests **Declaratory Relief** pursuant to 28 USC §2201, and §2202, and inserts claim[s] requesting for **Injunctive Relief** as authorized pursuant to 28 USC §2283, §2284, and Rule No. 65, of the Federal Rules of Civil Procedure.


**VENUE:**

The United States District Court for the Eastern District, in the Southern Division of Michigan is appropriate Venue, 28 USC §1391(b)(2) Vests this Court with **Venue Proper** as the events alleged in the Complaint are to have occured in the Eastern District, Southern Division of Michigan (SMT Prison).


**A. COMPLAINANT/PLAINTIFF:**

Plaintiff Jose Villanueva MiDOC No. 299314, is and was **at all times mentioned herein,** a prisoner/inmate **WITHIN THE CUSTODY** of the Michigan Department of Corrections.

[He] is **currently confined** within the Earnest C. Brooks Correctional Facility in Muskegon Heights Michigan.

However, at the time the Violation[s] and Assault[s] occured, Mr. Villanueva was housed/confined within the Parnell Correctional Facility (SMT), located at 1780 East Parnall Road, Jackson, MI. 49201.

**B.** DEFENDANTS:

**Defendant #1:**

Defendant Heidi E. Washington is the Michigan Department of Corrections (MiDOC) Director for the State of Michigan. [She] is Legally Responsible for the overall operation of the MiDOC and each individual institution within [it's] Jurisdiction, this includes the Parnall Correctional facility (SMT).

**Defendant #2:**

Defendant Richard D. Russell is the Grievance Manager at the Office of Legal Affairs in the MiDOC. [He] is legally responsible for the overall grievance procedure of the MiDOC, and each individual institution within [it's] Jurisdiction, this includes the Parnall Correctional facility (SMT).

**Defendant #3:**

Defendant Dave Shaver is the Warden of the Parnall Correctional Facility (SMT). [He] is in charge of, and legally responsible for the operation of the Parnall Correctional Facility (SMT), and for the wellfare/wellbeing of ALL inmates housed within the boundaries of the prison.

**Defendant #4:**

Defendant LaFave (first name unknown), LaFave is the Deputy Warden for the Parnall Correctional Facility (SMT). [He] is oversee's all ADW's, operations, and is legally responsible for the operation of the Parnall Correctional Facility (SMT), and for the wellfare/wellbeing of all inmates within it's boundaries.

**Defendant #5:**

Defendant McRoberts (first name unknown), is the Deputy Warden of the Parnall Correctional Facility (SMT). [He] oversee's operations and is legally responsible for ALL inmates within it's boundaries.

**Defendant #6:**

Defendant Simmons (first name unknown) is the Inspector for the Parnall Correctional Facility (SMT), [He] is responsible for the investigation into ANY/ALL claims and allegations concerning the Parnall Correctional Facility, FURTHERMORE, this officer is obligated to investigate ANY/ALL information

concerning the wellbeing/welfare/security of **ANY** MiDOC Facility within the State of Michigan.

**Defendant #7:**
Defendant J. Lavigne (first name unknown), is the Inspector for the Parnall Correctional Facility (SMT), [He] is responsible for the investigation into **ANY/ALL** claims and allegations concerning the Parnell Correctional Facility, FURTHERMORE, this officer is obligated to investigate **ANY/ALL** information concerning the wellbeing/welfare/security of **ANY** MiDOC Facility within the State of Michigan.

**Defendant #8:**
Defendant Ryder (first name unknown) is the Grievance coordinator at the Parnall Correctional facility (SMT). [He] is legally responsible for the filing and procedures of all grievances at the facility, and for all treatment/welfare/wellbeing of **ALL** inmates within it's boundaries.

**Defendant #9:**
Defendant Bailey (first name unknown) is a Correctional Officer within the MiDOC whom, during all times referenced within this complaint, was employed on assignment at the Parnall Correctional Facility (SMT), and holds the rank of 'Captain'.

**Defendant #10:**
Defendant Cody Crites, is a Correctional Officer within the MiDOC whom for all times referenced within this complaint was employed on assignment at the Parnell Correctional Facility (SMT), and held the rank of 'Lieutentant'.

**Defendant #11:**
Defendant Coleman (first name unknown), is a Correctional Officer employed within the MiDOC whom at **ALL** times reference within this complaint was on assignment at the Parnall Correctional Facility, this employee held the rank of 'c/o' or 'Corrections Officer'.

## CAPACITIES/COLOR OF LAW:

EACH DEFENDANT IS BEING SUED IN [HIS] or [HER] OFFICIAL, **and** INDIVIDUAL
CAPACIT[IES], AT **ALL TIMES MENTIONED WITHIN THIS COMPLAINT** EACH DEFENDANT[S]
ACTS WERE [PERFORMED WHILE OPERATING UNDER COLOR OF STATE LAW[S]].

## C. CONCISE STATEMENT OF CLAIM:

Plaintiff Villanueva was traversing to the "chowhall", [he] was walking with
another inmate having a conversation, allegedly the conversation was "overheard"
by officer Coleman, officer Coleman called Plaintiff over for a 'snakedown',
"heated" words were exchanged between the parties, Plaintiff was handcuffed,
during traverse to control center more words were exchanged where c/o Coleman
became FERIOUS, c/o Coleman then aggressively "pushed" the handcuffed Plaintiff
head first into a "steel pole" that was attached to the building, knocking
Plaintiff unconscious. Upon regaining consciousness, Plaintiff reported the
incident to c/o Coleman's superiors to no avail, Plaintiff was then classified
and housed in segregation pending the outcome of the misconduct. After release
and "Hearing" on the misconduct were the Administrative Law Judge (ALJ) found
Plaintiff 'Not Guilty', and stated on the report that video evidence exists
confirming Plaintiff's allegations, dis-crediting c/o Coleman's version of
events, and stating on the misconduct report that: "The officer appears to pull
prisoner toward him and then push prisoner away. Prisoner hits a pole." Not only
are the named Defendant[s] guilty of violating **MULTIPLE SECTIONS** of the MiDOC
Employee Handbook (including Departmental Policy Directives, and Operating
Procedures), but of **VIOLATING** the Constitution for the State of Michigan 1963,
Art, I, §2 'Equal Protection of the Laws; and §16: Self-incrimination; 'Cruel
and Unusual Punishment shall not be Inflicted.

In the case at bar, Plaintiff will seek redress pursuant to The First (1st) Amendment: 'The Right to Petition the Government for a Redress of Grievances', and The Eighth (8th) Amendment to the Constitution of the United States: 'The Right to be free from "Cruel and Unusual Punishment.'"

## D. STATEMENT/AFFIDAVIT OF FACTS:

**1.**
On may 10, 2021 at 18:07hrs while walking to the "chow hall" at Parnell Correctional Facility (SMT), [I] was detained by c/o Coleman, an employee of the Michigan Department of Corrections (MiDOC), because [he] overheard a conversation [I] was having with the inmate [I] was walking with where in said conversation with the inmate [I] said: "F**k the Police." (EXHIBIT-A)(Misconduct Report).

**2.**
Upon hearing this, officer Coleman **angrily** detained [me] for a "shakedown." While detaining [me] [he] (officer) started telling [me] that [I] was 'Nobody', that who did [I] think [I] was? I told [him] that if [he] wanted to know who I was, that [he] can ask the inspector about me. (EXHIBIT-A)(Misc.Rep.).

**3.**
This is when [he] told [me] to: "turn around and cuff-up." (I immediately complied with the order), after placing [me] in restraints [he] began calling [me] names like: "Piece of S**t", and telling [me] [I] was: "Nothing but a dumb-ass flunky." Officer Coleman was **So Focussed** on calling [me] names that (in violation of Policy and Operating Procedure) [he] left the other officer whom was assisting in escorting [me], in return of [his] name calling, [I] told [him] that [he] was: "Nothing but a house nigga." (EXHIBIT-A) [He] continued to call me names, and continued to "be-little" me.

**4.**

   Just as we reached the control center, [I] felt a strong 'push' and [I] hit something hard. (EXHIBIT-A)(Misc.Rep.). Next thing [I] remember [I] was waking-up, and [I] was laying on the ground, Instantly [I] realized that c/o Coleman had pushed [me] into a metal pole that was attached to the building. [I] was then escorted to a segregation unit pending the misconduct. [I] kept telling "the Officer[s]" that c/o Coleman had assaulted [me], and that [I] didn't do anything to be placed in segregation, I was placed in segregation anyway pending misconduct.(EXHIBIT-G)(Medical Records Report).


**5.**

   Later that night, at 20:24Hrs. Lt. Crites came to the cell [I] was placed in to review me on the misconduct for 'assault and battery on Staff' (as required by PD.03.03.105 'PRISONER DISCIPLINE'). On the misconduct report c/o Coleman stated that as I was being escorted to the control center I assaulted him by "pulling away, or 'lunging in the direction of a metal pole'" (EXHIBIT-A) where he then guided me to the ground. During review of the misconduct, [I] told Lt. Crites that officer Coleman was not being honest, and **that it was c/o Coleman who Assaulted Me** by pushing [me] into a metal pole, and is now writing the misconduct in an attempt to "cover up" **his actions Against Me!** Lt. Crites then stated that I was lying, [he] said [he] "saw the video" and [he] "can clearly see [me] pulling away from the officer", therefore assaulting [him].

**6.**

   On May 11, 2021 [I] sent a kite to the Inspector's at Parnall Correctional Facility (SMT), in this kite [I] told [them] that [I] strongly believe that [I] had been assaulted by an officer (c/o Coleman) at the Facility, and that the same officer whom assaulted [me] (c/o Coleman) has written a false misconduct report against [me] in an attempt to cover up [his] actions where [he] alleges [I] assaulted [him]. [I] requested the Inspectors to investigate [this] matter

by reviewing the camera footage of the incident. Copies of the entire 'Discovery' concerning [this] matter were requested, Including this kite.

**7.**
 On May 12, 2021 [I] was seen by [both] of the [MiDOC Inspectors] for the Parnell Correctional Facility (SMT), Inspector B. Simmons, and Inspector Lavigne. Inspector B. Simmons stated that [he] wanted to talk to [me] regarding the kite [I] had written on May 11, 2021, [he] stated [he] seen the video of the incident and wanted to know if [I] would be willing to write a statement against c/o Coleman, I agreed to write a statement. Copies of the statement also requested with Discovery.

**8.**
 While writing [the statement], Inspector B. Simmons asked [me] what did c/o Coleman say to [me] prior to [me] hitting the pole? [I] told [him] that [I] don't recall [him] saying anything to [me], that all [I] recall is [I] was laying on the ground when [I] regained consciousness.

**9.**
 Inspector Lavigne then told [me] that I did not deserve what just happened to [me]. After hearing this, [I] asked both Inspectors that since [I] was telling the truth, why am [I] still in segregation? Inspector Simmons then told [me] that they will figure it out, [I] was then taken back to segregation where [I] remained until [my] hearing on the misconduct on May 19, 2012.

**10.**
 On May 19, 2021 I was heard on the misconduct by Administrative Law Judge (ALJ) Sutherland (073) [where she found me] 'Not Guilty' of the allegations made by c/o Coleman in the misconduct. ALJ Sutherland further elaborates in [her] reason for findings by stating that prisoner Villanueva's statement is consistent with the surveillance video. The video shows prisoner walking with the officer, the officer is holding prisoner with one hand, both are walking at the same pace, prisoner appears to turn toward officer while talking, However,

prisoner did not stop walking and did not appear to slow his pace while turned toward the officer prisoners movements did not appear to slow or interfere with the escort. The [officer appears to pull prisoner toward [him], and then push prisoner away]], prisoner hits a pole, prisoner is then taken to the ground.

Video **is not consistent with the officers allegations** that the prisoner hit the pole because [he] pulled away from the officer. Michigan Department of Corrections carries the burden of proof, there is **insufficient evidence on record to conclude** that prisoner interfered with the escort to the control center. [I also find] that there is **insufficient evidence on this record to conclude** that prisoner physically resisted the escort to the control center. [I find] prisoner "Not Guilty" of 'Assault and Battery.' (EXHIBIT-A)(Misc.Rep).

**11.**

On May 24th, or 25th 2021 [I] was again called up to the control center, this time by Capt. Bailey. [She] informed [me] that [she] is investigating this incident because [she] has seen the video, and that: "Someones story was not adding up." [I] informed [her] that [I] was found not guilty of the charges on the misconduct where c/o Coleman alleged that [I] assaulted [him], as a way of proving that [I] have been honest since this incident took place, that is when [she] asked [me] to fill out a statement that contained 10 or 11 questions. (statement requested w/discovery) At the end, it asked if there is anything else I would like to say? [I] wrote down that [I] wanted to notify the Michigan State Police, because [I] wanted to press charges on c/o Coleman for assulting [me], and assaulting [me] with a weapon (the metal pole).

**12.**

On May 26, 2021 I received copies of the class 1 misconduct hearing report (CSJ-240B). (EXHIBIT-A) This was the first time [I] seen any evidence alerting [me] that c/o Coleman didn't just assault [me] by pushing [me] into [a] metal pole, [he] pushed [me] into that pole with the **intent to seriously injure** [me],

or to **inflict as much pain and damage upon me as possible.** When [I] seen [this] written in the ALJ's final report [I] filed a step one(1) grievance stating that c/o Coleman assaulted [me] using a metal pole attached to the building as a weapon, and Michigan State Police should be notified so that [I] may pursue charges, [I] submitted step 1 grievance on May 27, 2021. (EXHIBIT-B)

**13.**
On June 21, 2021 step 1 grievance was returned stating that [I] had exeeded the time limit for filing a grievance on issues that concerned [me]. They returned my grievance without investigation for this reason, it also stated that [I] should forward [my] concerns to the facility Inspectors for incidents such as [I] describe for investigation. (EXHIBIT-B)

**14.**
On July 19, 2021 [I] filed step 2 grievance, which [they] received on July 21, 2021 along with the step 2 grievance [I] sent copies of a kite [I] had written to hearings Investigator Desnoyer (EXHIBIT-C) where [I] asked [him] to let [me] know when [he] sent [me] the copies of the Hearing Report from ALJ Sutherland. Also included in the response and copies of the Log report that shows when [he] sent [me my] copies, along with [him] also letting [me] know that ALJ Sutherland sent [him] his copies on May 20, 2021. This information would show that [I] did not exceed the time limit for filing grievance as described in P.D. 03.02.130 'Prisoner/Parolee grievances'

**15.**
On August 8, 2021 [I] sent a kite to Inspectors at Parnell Correctional Facility via JPay. (EXHIBIT-D) In this kite [I] stated that [I] have been having trouble with the grievance process, [I] explained to [them] that [I] had to kite [them] (Grievance Coordinator) numerous times just to receive the forms [I] needed to pursue [my] issues. [I] also asked if [I] could be informed on the status of the investigation concerning c/o Coleman for assaulting [me], [I] also told them that [I've] been getting told that that [this] issue is still under

investigation, but upon research conducted on [my own], PD.02.03.100 'EMPLOYEE DISCIPLINE' states that if there is any investigation of an officer for use of force against an offender, that the officer would be suspended, and if found guilty that s/he would be terminated/discharged. Officer Coleman was never suspended, so [them] saying the issue for assaulting [me] was still under investigation **can not be true** because [he] was showing up to work 5 to 6 days out of the week. (EXHIBIT-D)

**16.**
After receiving the kite [I] sent to the Inspectors (EXHIBIT-D), [I] was ordered to "pack-up", [I] was transferred the next day.

**17.**
On August 16, 2021 Dave Shaver, the warden of Parnell Correctional Facility (SMT) denied [my] step 2 grievance, and stated once again that this issue was still under investigation, therefore denying [my] step 2 grievance. (EXHIBIT-C)

**18.**
On August 24, 2021 [I] sent the step 3 grievance to the Director's Office in Lansing, Michigan. In step 3 [I] simply state that c/o Coleman assaulted me and that [he] should be prosecuted for assaulting [me] by pushing [me] into a metal pole, and for using the metal pole as a weapon, [I] also state that [he] should be suspended as described in P.D. 02.03.100 'Employee Discipline'. [I] again repeat [myself] and state on the grievance that c/o Coleman assaulted [me] with **malicious intent to inflict bodily harm.** (EXHIBIT-E)

**17.**
On November 3, 2021 [my] step 3 grievance was rejected with no explanation as to why. [It] just says [the rejection] is upheld, and decision cannot be appealed within the Department, signed by grievance manager at the Office of legal Affairs; Richard D. Russell. (EXHIBIT-E)


**E. <u>DELIBERATE INDIFFERENCE</u>:**

Page 485, ¶1, at lines 1-2 (in relevant part):

...The Eighth Amendment Protection against Cruel and Unusual
Punishment provides prisoners' **The Right** to the basic human
needs of: food, shelter, clothing, medical care, and **Personal
Safety**...

(The Prisoners Guide to Survival)

In <u>Felix V. McCarthy</u>,939 F.2d 699 (9th Cir.1991):

"[It] is not the degree of injury which makes out a violation
of the Eighth Amendment. Rather, it is the use of official
force or authority that is intentional, unjustified, brutal,
and offensive to human dignity."
(citations and quotation marks omitted)

The prison Guards in the cited case claimed 'qualified immunity', that in 1985

[they] were 'unaware' that it was a Eighth Amendment violation to violently

push, shove, and throw an handcuffed inmate across the room, even after

admitting that the prisoner had not provoked [them]. The District Court, and the

Concurring Appellate Court Disagreed.

Plaintiff would argue that 1985 was more than 38 years ago, Clearly we have

evolved well past the age of "not knowing" that [this] type of barbaric behavior

"could" harm an individual, physically and mentally, now it's found that words

'do not matter', the fact that the Plaintiff in the case at bar was speaking

harshly is irrelevant, [It] does not "justify" retaliation, it's been proven by

video tape **AND** Administrative Law Judge Sutherland (073) has <u>CONFIRMED</u> the

video, that Plaintiff Villanueva **DID NOT** provide **ANY PHYSICAL ACTION[S]** to

provoke, or justify the actions of c/o Coleman, nor the actions, or failure

thereof of the named Defendants to not 'remand' the correctional officer

(Coleman), or [they're] **OUT RIGHT REFUSAL** to protect Plaintiff Villanueva where

Defendant Coleman used unauthorized force to "smash" Plaintiff Villanueva's head

into a 'Metal Pole' that is anchored in concrete, imbedded in the ground, and

the other end being anchored to a "brick and mortar" building, supporting a

completely steel-framed awning.

**F. GOOD FAITH:**

A New York Federal Court in <u>Hunt V. Budd</u>,895 F.Supp. 35 (N.D.N.Y.1995), citing

<u>Hudson V. McMillian</u>,503 US 1,112 S.Ct 995,117 L.Ed2d 156 (1992) found:

> "The Supreme Court has held that 'The Core Judicial Inquiry'
> where prison officials are accused of an Eighth Amendment
> violation 'is whether force was applied in a good-faith effort
> to maintain or restore discipline, or maliciously and
> sadistically to cause harm.'"

<u>HUDSON</u>, Supra held that the use of excessive physical force against a prisoner

may constitute cruel and unusual punishment even though the inmate does not

suffer serious injury, and:

> "[The] unnecessary and wanton infliction of pain ... constitutes
> cruel and unusual punishment forbidden by the Eighth Amendment."
>
> and ...
>
> "[The] question whether the measure taken inflicted unnecessary
> and wanton infliction of pain and suffering ultimately turns
> on whether force was applied in a good-faith effort to maintain
> or restore discipline, or maliciously and sadistically, for
> the very purpose of causing harm."
> (citations and internal quotation marks omitted) quoting:

<u>Whitley V. Albers</u>,475 US 312,89 L.Ed2d 251,106 S.Ct 1078 (1986).

## R E L I E F   S O U G H T

W H E R E F O R E,

Plaintiff Villanueva humbly prays relief from this Honorable Court in the compensation and relief requested for the abuse, pain, suffering, and humiliation suffered at the capable hands of the Defendant[s] named within:

**a.**
Officer Coleman be IMMEDIATELY terminated from ALL MiDOC employment; and/or

**b.**
Monetary Damages (collectively) in the amount of one-million, five-hundred thousand dollars ($1,500,000.00) for ALL Physical & Emotional trauma rendered on Plaintiff by [the Defendant[s]]; and/or

**c.**
Punitive Damages in the amount of Five-hundred thousand dollars ($500,000.00); and/or

**d.**
Any other relief this Honorable Court finds just, fit, and equitable.

Respectfully Submitted,

*Jose Villanueva*

Jose Villanueva, Pro Se.

DATED: ~~October ____, 2023~~
November 2, 2023

# EXHIBIT A

# MISCONDUCT REPORT

CSJ-228
10/10   4835-3228

| Prisoner Number:<br>299314 | Prisoner Name:<br>Villanueva | | Facility Code:<br>SMT | Lock:<br>60-2-10 | Violation Date:<br>05/10/2021 |

| Time and Place of Violation:<br>1807 East Yard | Contraband Removal Record Provided to Prisoner?<br>☐ Yes   Date _____   ☒ N/A |

**Misconduct Class:** ☒ I   ☐ II   ☐ III   **Charge(s):** Assault and Battery (Staff Victim); Insolence

**Describe Violation** (If contraband involved, describe in detail; identify any other employee witnesses):

While working on the East Yard, I observed prisoner Villanueva #299314 walking to the chow hall saying "Fuck The C/O's". I pulled prisoner Villanueva over for a shakedown. Prisoner Villanueva appeared to be intoxicated. When questioned he said "fuck you im a level five ask that bitchass Inspector (referring to Insp. Simmons) about me." So I told prisoner Villanueva to turn around and cuff-up. As we was walking to Control Center prisoner Villanueva stated "you ain't shit but a house nigga " I told prisoner Villanueva just keep walking. At this time Villanueva pulled away trying to turn and face me. I pulled him closer to control him. A second time Villanueva pulled away from me, lunging in the opposite direction into a pole. I grabbed ahold of Villanueva and guided him to the ground. Villanueva identified by MDOC ID card and Offender Tracking Information System (OTIS).

| Reporting Staff Member's Name (Print)<br>Coleman | Reporting Staff Member's Signature | Date and Time Written<br>05/10/2021 1912 |

## REVIEW

Location/Verification/Condition of Evidence:   *See attached video*

Elevated to Class I at review:   ☐ No   ☐ Yes   If "yes", explain reason:

### COMPLETE THIS SECTION ONLY FOR REVIEW OF CLASS I MISCONDUCT

| Status Pending Hearing:   ☐ Bond   ☐ Segregation   ☒ Confinement to Cell/Room   ☐ Other<br>Reason if Non-Bond:   ☒ Non-Bond List   ☐ Bond Revoked (must give reason)   *Toplock, Fed-In per Deputy McRoberts due to non-bond* |

| Date and Time Given this Status: 5-10-21 2024 | Who Notified in Housing Unit of Status: C/O Stump |

| Hearing Investigator Requested?   ☒ No   ☐ Yes | Witnesses Requested?   ☒ No   ☐ Yes<br>If yes, list: |

| Relevant Documents Requested?   ☒ No   ☐ Yes<br>If yes, list: | |

| Additional Comments: | Prisoner Waives 24 Hour Notice of Hearing?   ☐ No   ☒ Yes<br>Hearing Date: 5-13-21 |

| Reviewing Officer's Name (Print)<br>Lt. Crites | Reviewing Officer's Signature | Review Date and Time<br>5-10-21 2024 |

| I have received a copy of this report. My signature does not necessarily mean that I agree with the report.<br>☒   Prisoner refused to sign. Copy given to prisoner. | Prisoner's Signature<br>*Refuse to sign / copy given* | Date<br>5-10-21 |

### WAIVER OF CLASS II OR III HEARING

| I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |

### SANCTIONS IMPOSED (Hearing Investigator enters begin and end dates for Class II misconducts)

| _____ Days Toplock | Begins: _____ | Ends: _____ | ☐ Counseling/Reprimand (Class III only) |
| _____ Days Loss of Privileges | Begins: _____ | Ends: _____ | ☐ $ _____ Restitution (Class II only) |
| _____ Hours Extra Duty | Begins: _____ | Ends: _____ | |

Property Disposition If Applicable:

| Employee Accepting Plea and Imposing Sanction (Print) | Employee's Signature | Date |

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |

Distribution: Prisoner; Counselor File; Record Office File (Class I and II); Central Office File (Class I); Hearing Investigator (Class I & Class II)

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-240B
Rev. 10/10

## CLASS I MISCONDUCT HEARING REPORT

63-2-10

| Prisoner | Prisoner Name | Facility Code | Lock | Violation Date |
|---|---|---|---|---|
| **299314** | **Villanueva** | SMT | **60-2-10** | **05/10/2021** |

| Charge(s) |
|---|
| **Assault and Battery / Insolence** |

| If Charge Changed by Hearing Officer | Plea |
|---|---|
| | ☐ Guilty  ☒ Not Guilty |

| Misconduct Report Read to and Discussed with Prisoner | ☒ (check if applies) | No Hearing Investigation Requested |
|---|---|---|
| Hearing Investigation Read to and Discussed with Prisoner | ☐ (check if applies) | ☒ (check if applies) |

### EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT

Video was reviewed before hearing outside of prisoner's presence. This hearing was conducted via webcam. Prisoner was present. I confirmed the Review was completed within 24 hours and 24-hour notice was given to the prisoner. I read the Misconduct Report and reviewed the evidence with the prisoner. Prisoner was advised that at the conclusion of the hearing, he will be told the decision, sanction and dates if any, and when completed, the report will be submitted to the facility for delivery. The Record was reviewed and consisted of:
(1)     Misconduct Report (1 pg)
(2)     Hearing Investigation Report (1 pg)
(3)     Memo from Zarb (1 pg)
(4)     Video Surveillance
(5)     Misconduct Sanction Screening Form (1 pg)
(6)     Prisoner's Statement (1 pg)
(7)     Offender Restriction Filter Report (2 pgs)  *** Continued on Page 2

### REASONS FOR FINDINGS

CONFIDENTIALITY:
Exhibit 3, Memo from Zarb; and Exhibit 4, Video Surveillance; are marked confidential for facility safety and security and to avoid disclosure of camera locations and capabilities. Exhibit 5, Misconduct Sanction Screening Form; is marked confidential to avoid dissemination of an inmate's mental health information.  Exhibit 6, Prisoner's Statement, is marked confidential for facility safety and security and to avoid disseminating information that may result retaliatory acts or compromise other functions within the facility.
ASSULT AND BATTERY:
Per MDOC PD 03.03.105, Attachment A, Assault & Battery includes physical resistance or physical interference with an employee. Injury is not necessary, but contact is. Prisoner denies pulling away from the officer during the escort. Prisoner admits he was name calling and cussing at the officer throughout the escort. Prisoner's admission is consistent with video surveillance. Video shows prisoner walking with the officer. The officer is holding prisoner with one hand. Both are walking at the same pace. Prisoner appears to turn toward the officer while talking.  ***Continued on Page 2

### PROPERTY DISPOSITION (for contraband see PD 04.07.112)

### FINDINGS

| | | | | Reporting Code | |
|---|---|---|---|---|---|
| Charge No. 1 | ☐ Guilty | ☒ Not Guilty | ☐ Dismissed | Reporting Code | <u>008</u> |
| Charge No. 2 | ☒ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | <u>426</u> |
| Charge No. 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | <u>   </u> |
| Charge No. 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | <u>   </u> |

### DISPOSITION (select one or more) (Toplock & LOP Sanctions End at 6:00 am)

| | | Begins | Ends | | |
|---|---|---|---|---|---|
| _____ | Days of Detention | _____ | _____ | _____ | Days Credit |
| _____ | Days Top Lock | | | _____ | Hours Extra Duty |
| 20 | Days Loss of Privileges | **06/08/2021** | **06/28/2021** | $ _____ | Restitution |

| Misconduct Hearing Report personally handed to Prisoner by Hearing Officer on this date: _____ (Check if Applies) ☐ | Hearing Report given to Staff Member by Hearing Officer for Delivery to Prisoner this date: <u>5/20/2021</u> (Check if Applies) ☒ |
|---|---|
| Date of Hearing **05/19/2021** | Name of Staff Member  **HI Desnoyer - SMT** |

| Hearing Officer's Name | Hearing Officer's Signature | Date |
|---|---|---|
| 073 Sutherland | *ALG Sutherland* | 5/20/2021 |

DISTRIBUTION  ☐ Record Office  ☐ Central Office File  ☐ Prisoner  ☐ Counselor File  ☐ Hearing Investigator

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-240D 12/90
4835-4243

**CLASS I MISCONDUCT**          **HEARING REPORT – Continuation Page No.   2**
(Type of Hearing)

| Prisoner Number | Prisoner Name | | Institution | Violation/Notice Date |
|---|---|---|---|---|
| 299314 | | Villanueva | SMT | 5/10/2021 |

(Continued from Page One: Evidence/Statements):

Video shows prisoner being escorted by two officers. One officer is holding prisoner's left arm. The other officer is walking behind them. Prisoner and the officer are walking at the same pace. Prisoner appears to be yelling at the officer. Prisoner turns while walking to face the officer. The officer appears to pull prisoner closer then push prisoner away. Prisoner hits a pole attached to the building they are near. Prisoner is taken to the ground.
Prisoner entered a not guilty plea to Assault and Battery.
Prisoner entered a guilty plea to Insolence.
Prisoner stated, "I was walking to the chow hall. I was intoxicated." Prisoner stated he was talking to another inmate who was warning him about where the officers were located. Prisoner stated, "fuck the COs." prisoner made the statement to the inmate he was walking with. Prisoner did not realize he said it loud enough for the officer to hear him. Prisoner stated that during the escort "on the way to Control Center, I called him a hoe, bitch ass, house nigger." Prisoner added, "I did cuss them out." I asked prisoner if he pulled away from the officer. Prisoner stated, "the whole time I was cussing at him, I was calling him names." Prisoner denied pulling away from the officer. Prisoner stated, "he pushed me into that pole." I summarized video surveillance for prisoner. I asked prisoner if he wished to respond to the video summary. Prisoner replied, "the inspectors reviewed the video and had me write a statement on it." HI Desnoyer stated prisoner stopped him when HI Desnoyer was meeting with other inmates. Prisoner asked HI Desnoyer if he watched the video. I asked prisoner if he was aware of a statement prisoner wrote about the incident or was provided a copy of the statement. HI Desnoyer stated he was not aware of a statement written by prisoner about the incident and was not provided a copy. I asked prisoner I would not make a decision until reviewing his statement. I asked prisoner if there was anything else that he believed I should know or that he wanted me to know before HI Desnoyer followed up on whether prisoner provided a statement. Prisoner responded, "the statement I told you about, the inspectors, is the truth."

(Continued from Page One: Reasons for Findings):

However, prisoner did not stop walking and did not appear to slow his pace. While prisoner turned toward the officer, prisoner's movement did not appear to slow or interfere with the escort. The officer appears to pull prisoner toward him and then push prisoner away. Prisoner hits a pole. Prisoner is then taken to the ground. Video is not consistent with the officer's allegation that prisoner hit the pole because he pulled away from the officer. MDOC carries the burden of proof. I find there is insufficient evidence on this Record to conclude that prisoner interfered with the escort to Control Center. I also find there is insufficient evidence on this Record to conclude that prisoner physically resisted the escort to Control Center. I find prisoner not guilty of Assault and Battery. The charge is not upheld.
INSOLENCE:
Per MDOC PD 03.03.105, Attachment B, Insolence is defined as words, actions, or other behavior which is intended to harass, degrade, or cause alarm in an employee. Prisoner admits he "cussed" at Officer Coleman and called him names throughout the escort to Control Center. It is logical to conclude that prisoner intended to harass and degrade Officer Coleman. I find that prisoner's words were intended to harass and degrade Officer Coleman. Name calling with the intent to harass or degrade constitutes Insolence. Prisoner's guilty plea is accepted. The charge is upheld.

Prisoner was informed of the decision, sanction, and dates.

END OF REPORT.

| HEARING OFFICER'S NAME & CMIS CODE (Typed)<br>ALJ Sutherland  073 | Copy of Hearing Report personally handed to<br>Prisoner by Hearing Officer this date                          (check if applies) ☐ |
|---|---|
| HEARING OFFICER'S SIGNATURE<br><br>s/ ALJ Sutherland | Copy of Hearing Report Given to Staff Member by Hearing<br>Officer for Delivery to Prisoner this date 5/20/2021     (check if applies) ☒ |
| | Date of Hearing<br>5/19/2021 | Name & Clock No. of Staff Member)<br>HI Desnoyer - SMT |

DISTRIBUTION: White – Institution;  Green – Central Office;  Canary – Prisoner;  Pink – Visitor/Counselor;  Goldenrod – Hearing Investigator

# EXHIBIT B

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247  10/94
CSJ-247A

Date Received at Step I _____   Grievance Identifier: | | | | | | | | | | | | | | |

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Jose Villanueva | 549314 | JMT | B3  3-10 | 5-10-21 | 5-27-21 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why. I reported this Incident to the prison ombudsman work statement I provided on 5-12-21 and also wrote another statement th staff in their Investigation ...

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. On 5-10-21 while being escorted in restraints to control center by c/o coleman. I was pushed by o coleman into a metal pole that s located in front of control center which caused me to fall unconscious to the floor. On 5-12-21 I wrote statement that c/o coleman assaulted me. statement was written in front of inspectors (B Simmins) and (Lavigne ) on 5-15-21 I filled other statement provided by Capt Bailey I also advised that I wanted to press charges on c/o coleman. On 5-16-21 I received my copies of the Hearing report while Hearing officer (Sutherland) states in her final report of the incident. That officer coleman appeared to pull ... prisoner clear Then push m away prisoner Hose Villa attached to the building she also states that prisoner coleman did not appear to slow down or interfere with the assault c/o coleman pulling closer then pushing me into a metal pole while still in Restraints for no apparent reason assault. Therefore confirming my previous statements and allegations that was assaulted by c/o coleman ... me with a weapon the pole) I am Requesting that Michigan state police be notified so that I by pursue criminal felony charges on

Jose Villanueva 549314

Grievant's Signature

c/o coleman (Includes copies of Hearing Report)

RESPONSE (Grievant Interviewed?   ☐ Yes  ☐ No    If No, give explanation. If resolved, explain resolution.)

Respondent's Signature _____ Date _____   Reviewer's Signature _____ Date _____

Respondent's Name (Print) _____ Working Title _____   Reviewer's Name (Print) _____ Working Title _____

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | |
|---|---|---|
| | Grievant's Signature | Date |

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**Michigan Department of Corrections**
**FIRST STEP GRIEVANCE RECEIPT**

|  |  |  |  |  |  |
|--|--|--|--|--|--|
|  |  |  | **DATE:** | 6/1/2021 |  |
| **TO:** | **VILLANUEVA, JOSE** | **299314** | **LOCATION:** | **SMT** | **63-2-10** |

**FROM:**    **Grievance Coordinator:  RYDER, T**

**SUBJECT:**    Receipt for Step I Grievance

**Grievance Identifier:**    **SMT    /    2021 /    06 / 0556    / 28E**

**Issue:**    untimely

**Received:**        6/1/2021

**Date Due:**        6/22/2021

Your Step I grievance was received as indicated above. You should receive a response no later than the due date listed above. If you have not received a response by this date and have not agreed to an extension, you may submit a written request for an appeal form to this office. You will need to note, on your request, the grievance identifier as listed above.

61-B-16

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I ___6/1/2021___   Grievance Identifier: __SMT|20|21|0|60|5|5|6|28|E__

> Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Jose Villanueva | 299314 | JMT | ~~63-7-10~~ | 5-10-21 | 5-27-21 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? __5-12-21 / 5-24 OR 5__
If none, explain why. I Reported this Incident to Both Inspectors and wrote Statement of Incident on 5-12-21 AND I Also wrote another Statement when Capt. Bailey ON 5-24 OR 5-25-21. I've Also Been Cooperative with Staff in their Investigation

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. ON 5-10-21 While being escorted in Restraints to control center by c/o coleman, I was pushed by c/o coleman into a metal pole that is located in front of control center wich caused me to fall unconscious to the floor, ON 5-12-21 I wrote a Statement stating that c/o coleman assaulted me statement was written in front of Both inspectors (B. Simmons) and (LaVigne) ON 5-24-21 (or) 5-25-21 I filled another statement provided by capt. Bailey I also advised that I wanted to Press charges on c/o coleman. ON 5-26-21 I Recieved my copies of the Hearing Report, where Hearing officer (sutherland) states in her final report of the Incident. That officer coleman appears to pull ~~a~~ Prisoner closer, Then push Him away, Prisoner Hits a Pole attached to the Building, She also states that Prisoners movement did Not appear to slow down or interfere with the escort c/o coleman pulling me closer Then pushing me into a metal pole while still in restraints for No aparent Reason ~~is~~ assault, Therefore Confirming my previouse Statements and alligations That I was assaulted by c/o coleman and He also assaulted me with a weapon (The Pole) I am Requesting that Michigan State Police be notified so that I may pursue Criminal Fetony charges or      _Jose Villan_  299314
c/o Coleman (Includes Copies of Hearing Report)      Grievant's Signature

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No   If No, give explanation. If resolved, explain resolution.)

*The Step I Grievance Office staff have carefully examined the content of your Step I grievance. This examination reveals that you have exceeded your time limits in filing a grievance on issue(s) that concern you, and at the same time provided no reasonable circumstance beyond your control that would have prevented you from filing this grievance in a timely fashion. This office is returning your grievance to you without investigation for these reasons. If you have further questions consult OP 03.02.130, which is available in the institutional library. Grievance rejected at first step. Your concerns should be directed to the facility inspectors (which you state you have done) for incidents such as you described for investigation. Which this has also been forwarded appropriately and is currently being investigated.*

| Respondent's Signature | Date 6/1/2021 | Reviewer's Signature | Date 6/21/21 |
|---|---|---|---|
| Respondent's Name (Print) T. Ryser | Working Title CRR | Reviewer's Name (Print) MCROSEN | Working Title PW |

| Date Returned to Grievant: 6/21/2021 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink - Process to Step One; Goldenrod - Grievant

# EXHIBIT C

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

*A86A*

Date Received by Grievance Coordinator

~~BY GRIEV. COORD.~~
~~WILL BE PAID~~   7/21/2021

Grievance Identifier:

| S | M | T | 2 | 0 | 2 | 1 | 0 | 6 | 0 | 5 | 5 | 6 | 2 | 8 | E |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

*[stamp:]* AUG 30 2021 Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: **SMT** **Grievance Office** By **7/21/2021**

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

*6L-B-16*

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| VILLANUEVA, JOSE | 299314 | SMT | ~~05-2-18~~ | | |

**STEP II — Reason for Appeal** ON 5-26-21 Hearings Report WAS Delivered By mail ch I needed to ensure Proper procedures for grievance I Filed my Grievance cording to PD 03.02.130 Which States that I have 5 days to file The Report ; loged and stamped to show I filed in a timely manner BY HI Desnoyer erefore Allowing me the right to file for Assault & Batterie, filling a false port, Ect. against STAFF & C/o Coleman for abusing and assaulting me. re are copies from HI showing the dates so you may continue with the ievance procedure and any criminal charges against C/o Coleman r Violating my Rights as A Human being And the right to fair and umane treatment.

**STEP II — Response**

Date Received by Step II Respondent:
7/22/2021

*See Attached Response*

| D. Shaver | *Dave Shaver, Warden* | 8/16/2021 |
|---|---|---|
| Respondent's Name (Print) | Respondent's Signature | Date |

Date Returned to Grievant:
8/17/2021

**STEP III — Reason for Appeal** C/o Coleman assaulted me. He should be Prosecuted r assault & assault With A weapon. Pushing me into a Pole shows malicious ttent to inFlict Bodily harm Both step I and II Responses state that this egations are still being investigated per Policy. But Fail to mention Wich cy Well according to PD 03.03.100 employee discipline paragraph L M(2)(5) e officer should be suspended for excessive force as defined in PD 04.05.110 d use of force against an offender C/o Coleman has never been suspended he should for the duration of investigation as describe in PD 02.03.100 far (A.P)

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

To · Hearings Investigator
Deshoyer

from Villanueva
#299314   61-B-16

~~on 5-17-2011 I Requested~~

I Would like to know the date
that you send my the Copies OF
the Hearing Report. on the
Class 1 Assault and battery Misconduct
I Recieved my copies on 5-26-21
on what day did you send them to
me . Thank You
Jose

Received  6-25-21

Attached is the misconduct  log showing
your hearing report along with all items in the
packet not deemed confidential were  given
to you on 5-26-21. In the top  left you will
see the date 5/24/21 provided which is the
day that the copies were sent out by me
for staff to  ensure you received your
copies.

Cont...→

- H.I.
6-25-21

## Class I and Class II HEARING REPORT LOG FOR
## REPORTS ISSUED FROM CONTROL CENTER

| LOCK | PRISONER NAME | NUMBER | CHARGE | | DATE ISSUED | TIME ISSUED | STAFF MEMBER ISSUING REPORT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | 5-26 | 2145 | meister |
| | | | | | | | |
| 63-2-10 | Villanueva | 299314 | 426.034 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

PLEASE ENTER THE DATE, TIME AND STAFF PERSON ISSUING REPORT TO PRISONER.

UPON COMPLETION, PLEASE RETURN THIS FORM TO H.I. MAILBOX. THANK YOU

# EXHIBIT D

You have received a **jpay** letter, the fastest way to get mail

From   : JOSE VILLANUEVA, ID: 299314
To : Inspector Services
Date : 8/8/2021 4:20:23 PM EST,    Letter ID: 1240528775
Location : MTU
Housing : F100BOT02


Sent by: JOSE VILLANUEVA (299314)
Agency: Michigan Department of Corrections
Facility/Housing Unit: Parnall Correctional Facility/16ABB061TOPB
Date: 08/08/2021 16:18:55

Please do not reply to this email

I'm writing to let you know that I've been having trouble with the grievance process the grievance that I wrote regarding c/o Coleman and the investigation for assaulting me have both been stalled by staff here at smt just to receive a step two form I had to write numerous kites requesting one and now I'm waiting to hear back from step two which I filed on 7-20-21 I still have not received anything informing me that you relieved my step two I am asking that you look into this and let me know something as soon as you can I would also like to know what is the status of the investigation regarding the investigation of c\o coleman assaulting me also according to PD02.03.100 employee discipline c\o Coleman is not even supposed to be working he is supposed to be suspended for abuse of force as described in PD02.03.100 sec. N (2) and PD 04.05.110 "use of force" against an offender and i still am asking that charges be pressed against c\o Coleman for assaulting me thank you and will you also send me copies of everything pertaining to this investigation thank you

**jpay** Tell your friends and family to visit www.jpay.com to write letters and send money!

# EXHIBIT E

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

A16A

| Date Received by Grievance Coordinator 7/21/2021 | Grievance Identifier: | S M T 2 0 2 1 0 6 0 5 5 6 2 8 E |
|---|---|---|

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED
AUG 30 2021
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: **SMT**
____**Grievance Office**____ By ___7/21/2021___

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

6-B-16

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| VILLANUEVA, JOSE | 299314 | SMT | ~~03-2-18~~ | | |

**STEP II** — Reason for Appeal On 5-26-21 Hearings Report WAS Delivered By mail ich I needed to ensure proper procedures for grievance I Filed my Grievance cording to P.D 03.02.130 which States that I have 5 days to file The Report s loged and stamped to Show I Filed in a timely manner By HI Desnoyer cretore Allowing me the right to Sue for Assault & Batterie, Filling A False eport. Ect. Against STAFF & C/o Coleman for abusing and assaulting me. ere are copies from HI Showing the dates So you may continue with the rievance proceedure and any criminal charges against C/o Coleman r violating my Rights as A Human being And the Right to fair and umane treatment.

| **STEP II** — Response | Date Received by Step II Respondent: 7/22/2021 |
|---|---|

*See Attached Response*

| ____**D. Shaver**____ Respondent's Name (Print) | ____*Dave Shaver, Warden*____ Respondent's Signature | ___8/16/2021___ Date | Date Returned to Grievant: 8/17/2021 |
|---|---|---|---|

**STEP III** — Reason for Appeal C/o Coleman assaulted me. He should be Prosecuted or assault & assault With A Weapon. Pushing me into a pole Shows malicouse itent to Inflict Bodily harm Both Step I and II Responses state that this egations are Still being investigated Per Policy. But Fail to mention which ffployee discipline paragraph I M(2)(5) ey Well according to PD 03.03.100 employee discipline paragraph I M(2)(5) e officer Should be Suspended for excessive force as defined in PD03.03.110 se of force against an offender C/o Coleman has never been Suspended he should for the duration of Investigation as described in PD 02.03.160 Par(X.P)

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

# EXHIBIT F

ombudsman

Office of legislative counsel Administration
Boji tower 124 W Allegan 3rd floor
P.O Box 30036
Lansing MI. 48909

My name is Jose Villanueva #299314 I am currently Incarcerated at Richard A Handlon correctional facility (M.T.U.) 1728 West Blue Water Highway, Ionia MI. 48846
    I am writing to Inform You that on may. 10, 2021 at Parnell correctional facility (S.M.T) 1780 East Parnell, Jackson MI. 49201. At aproximately 1807 hrs. I was assaulted by c/o Coleman, while I was in Restraints on the way to Control-Center by pushing me into a metal pole that put me unconsiouce for a couple of minutes
    Then at 1912 hrs in an attempt to cover up the fact that he had assaulted me. c/o Coleman wrote a false misconduct that placed me in segregation for 10 days alleging that it was me that assaulted him, by pulling away from him during the escort. I was found Not Guilty of The charges, And in her Report hearings officer states. That Video is Not consistent with the officers allegations that Prisoner

hit the pole because he pulled away from officer. (see copy of attached hearing Report)

I've filed complaints, and written Statement on may 12 2021, and may 24 2021 to both Inspectors Simmons and lavigne and capt. Bailey. Where I requested that MI State Police be notified so that I may pursue criminal charges on c/o coleman for assaulting me.

On may 26, 2021 I filed step I Grievance which was denied stating it was due to a timely Issue, and that the incident was still under Investigation, and that I should contact facility Inspectors

I Requested step II Grievence form on 6-22-21, 7-2-21, and on 7-9-21 Three kites I had to write Just to get A step II form. I sent step II form in on 7-20-21 and again have not heard nothing back yet

On 8-8-21 I wrote a kite to SMT Inspectors explaining to them That I've been having trouble with the processing of my Grievance, and with the Investestigation of c/o cole man assaulting me, Are both being Stalled by staff In SMT.

And in an attemp to Avoid Answering

my kite, I was transfered to another
facility the very next day. 8-9-21.
     Today is 8-18-21 I still have not heard
Nothing therefore a showing that this kind
of behavior at' that facility (SmI) is
happening, and being tolerated or Ignored
by staff at SmT Warden, ADW, both Inspectors,
capts, Lts, stGs, and c/o's.
     Also leaving me no choice but to Reach
out to you and other agencies for help
I was told by another inmate to
Contact you for help in this Matter,
     This kind of behavior should not be
tolerated at any facility, and if it does
accur the facility should ensure that
this don't happen no more, Not Ignore
the prisoners cry for help, and look
the other way Especially when the
officer has a history of assaults at
that facility on Inmates and female
staff.
     Will you please contact me, And
provide Any help that will help me
with this Matter.
     enclosed is.              Thank You.
Copies of misconduct & Hearing Report
(3 pgs) Copy of letter sent to Inspectors (1 pg)



Office of
*Legislative Corrections*
*Ombudsman*

**Keith Barber**
Ombudsman

P.O. BOX 30036
Lansing, MI 48909-7536

Phone: (517) 373-8573
Fax: (517) 373-5550

**ombudsman@legislature.mi.gov**

September 27, 2021

Jose Villanueva 299314
MTU
1728 Bluewater Hwy
Ionia, MI 48846

RE: Complaint submitted to the Ombudsman

Dear Mr. Villanueva:

We have received the complaint you submitted to the Office of Legislative Corrections Ombudsman.  This letter is to notify you that your complaint is currently pending an investigation by an Ombudsman Analyst.

Complaints are usually reviewed in the order they are received.  Please understand that we have a large caseload due to the volume of complaints we receive compared to our small number of staff. Therefore, this process may take some time and we are unable to give you an anticipated time frame for completion.

We will notify you once we have completed our investigation and determined an appropriate course of action. If you included original documents they are included with this letter, and we have kept copies for future reference. It is not necessary to send us any additional documentation at this time. If we are in need of additional information, we will contact you to ask that you send it to us if we are unable to get it from the MDOC directly.

Sincerely,

Keith Barber
Ombudsman

Enclosure                                                                                                F9

# EXHIBIT G

# Michigan Department of Corrections

## Kite Response

**Offender #:** 0299314    **Offender Name:** VILLANUEVA, JOSE

**Location:** IBC - BELLAMY CREEK CORRECTIONAL FACILITY    **Lock:** 03:154:Top:B

| | |
|---|---|
| **Discipline:** | Medical Records |
| **Received Date:** | 01/27/2023 |
| **Initiated Date:** | 01/27/2023 |
| **Taken By:** | Hunt, Ranee [RH11] HIM |
| **Request Type:** | Forms/Records |
| **Request Summary:** | Can I please get copies of any medical report by nurse, doctor, or even an officer for the days of May 10, May 11, and May 12th 2021 that was done on me when I was at SMT corr. fac. for legal purpose. Thank you |
| **Plan/Action:** | Please complete the attached authorization form and a disbursement form for cost (make sure your PC signs the disbursement) and return both forms to me so I can process your request. |
| **Comments:** | |

# Michigan Department of Corrections
## Clinical Encounter - Administrative Note

| | | | | | |
|---|---|---|---|---|---|
| Offender Name: | VILLANUEVA, JOSE | | | Off #: | 0299314 |
| Date of Birth: | 05/22/1975 | Sex: | M | Facility: | SMT |
| Note Date: | 05/10/2021 20:26 | Provider: | Gibson, Tammie [TG2] | Unit: | 10 |

Nursing Note encounter performed at Clinic.

**Administrative Notes:**

ADMINISTRATIVE NOTE   **1**      Provider:   Gibson, Tammie [TG2] RN

    Called to 10 block for assessment of inmate. Upon arrival inmate was in the strip tank. It was reported inmate was inebriated. It was reported that inmate had been taken to the ground by custody in the grass. Inmate refused to let nursing do an assessment on him. He just kept saying "I was assaulted by the police". Inmate was left in the holding cell.

| | | | |
|---|---|---|---|
| **Co-Pay Required:** | No | **Cosign Required:** No | |
| **Telephone/Verbal Order:** | No | | |
| **Standing Order:** | No | | |

Completed by Gibson, Tammie [TG2] RN on 05/10/2021 20:30

# Michigan Department of Corrections
## Clinical Encounter - Administrative Note

| | | | | | |
|---|---|---|---|---|---|
| Offender Name: | VILLANUEVA, JOSE | | | Off #: | 0299314 |
| Date of Birth: | 05/22/1975 | Sex: | M | Facility: | SMT |
| Note Date: | 05/11/2021 19:53 | Provider: | Gibson, Tammie [TG2] | Unit: | 10 |

Nursing Note encounter performed at Clinic.
**Administrative Notes:**

ADMINISTRATIVE NOTE   **1**   Provider:  Gibson, Tammie [TG2] RN

Inmate Villanueva 299314 escorted to Health Care by custody for assessment. Inmate states he was pushed into a pole and lost consciousness last night. Inmate has no visible injuries on his head. Inmate denies any tenderness with palpation to his head. Neuro checks completed and normal. There is bruising and swelling at the base of Inmate's right thumb/hand. He states pain with movement and palpation at a 6/10. There is slight bruising on the anterior wrist. Inmate had full range of motion in his right hand/thumb. Ace wrap secured with tape applied to right hand. Inmate given ice bag detail. He was also given 6 packs of Tylenol 500mg and 6 packs of Ibuprofen 200mg and instructed to follow package directions and alternate them for pain. Inmate was assessed by Dr. Herro than released back to custody in stable condition.

**Temperature:**

| Date | Time | | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|---|
| 05/11/2021 | 19:53 SMT | | 97.4 | 36.3 | | Gibson, Tammie [TG2] RN |

**Pulse:**

| Date | Time | Rate Per Minute | Location | | Rhythm | Provider |
|---|---|---|---|---|---|---|
| 05/11/2021 | 19:53 SMT | 97 | | | | Gibson, Tammie [TG2] RN |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 05/11/2021 | 19:53 SMT | 14 | Gibson, Tammie [TG2] RN |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 05/11/2021 | 19:53 SMT | 146/81 | | | | Gibson, Tammie [TG2] RN |

**SpO2:**

| Date | Time | Value(%) | Air | | Provider |
|---|---|---|---|---|---|
| 05/11/2021 | 19:53 SMT | 99 | | | Gibson, Tammie [TG2] RN |

**Weight:**

| Date | Time | Lbs | Kg | Waist Circum. | Provider |
|---|---|---|---|---|---|
| 05/11/2021 | 19:53 SMT | Unavailable | 0.0 | | Gibson, Tammie [TG2] RN |

**Co-Pay Required:** No     **Cosign Required:** No

**Telephone/Verbal Order:** No

**Standing Order:** No

Completed by Gibson, Tammie [TG2] RN on 05/11/2021 19:54

# Michigan Department of Corrections
## Clinical Encounter

| | | | | |
|---|---|---|---|---|
| Offender Name: VILLANUEVA, JOSE | | | Off #: | 0299314 |
| Date of Birth: 05/22/1975 | Sex: | M | Facility: | SMT |
| Encounter Date: 05/11/2021 16:43 | Provider: | Herro, Frederick [FH] MD | Unit: | 10 |

MP RNR encounter performed at Clinic.

**SUBJECTIVE:**

COMPLAINT **1**      Provider: Herro, Frederick [FH] MD

Chief Complaint:    Other Problem

Subjective:     Informed by nursing patient was found yesterday drinking spud juice. His only complaint today is right hand pain. He admits to falling. Denies any head trauma, no loss of consciousness. No headaches, no blurry vision. NO ringing in ears.

**Pain Location:**

Pain Scale:

Pain Qualities:

History of Trauma:

Onset:

Duration:

Exacerbating Factors:

Relieving Factors:

Comments:

**ROS:**
**Neurological**
**Autonomic System**
No: Control of Urination, Facial Numbness, Hx of Seizures, Sweating, Syncope
**Cranial Nerves**
No: Difficulties in Speech/Swallowing/Taste, Disturbances in Hearing, Disturbances of Smell, Facial Weakness & Taste Disturbance, Visual Disturbances
**Motor System**
No: Abnormal Gait, Incoordination, Involuntary Movements, Tremor, Weakness
**Sensory System**
No: Pain

**OBJECTIVE:**

**Exam:**
**Cardiovascular**
**Auscultation**
Yes: Regular Rate and Rhythm (RRR)
**Eyes**
**General**
Yes: PERRLA, Extraocular Movements Intact
**General**
**Affect**
Yes: Pleasant, Cooperative
**Appearance**
Yes: Well Developed/Well Nourished

| | | | | |
|---|---|---|---|---|
| Offender Name: VILLANUEVA, JOSE | | | Off #: | 0299314 |
| Date of Birth:  05/22/1975 | Sex: | M | Facility: | SMT |
| Encounter Date:  05/11/2021 16:43 | Provider: | Herro, Frederick [FH] MD | Unit: | 10 |

**Exam:**

   **Musculoskeletal**

      **Wrist/Hand/Fingers**

         Yes: Normal Bony Landmarks

         No: Non-tender on Palpation

   **Neck**

      **General**

         No: Symmetric, Trachea Midline, Trauma, Lacerations, Contusions, Lymphadenopathy, Lymphadenopathy-Anterior Chain, Lymphadenopathy-Posterior Chain, Lymphadenopathy-Pre-Auricular, Lymphadenopathy-Post-Auricular, Lymphadenopathy-Submandibular, Lymphadenopathy-Submental

   **Neurologic**

      **Glascow Coma Scale**

         Yes: GCS 15

      **Level of Consciousness**

         Yes: Alert and Oriented to Time, Place, and Person

      **Motor System-General**

         Yes: Normal Exam

   **Pulmonary**

      **Auscultation**

         Yes: Clear to Auscultation

**ASSESSMENT:**

   Pain in right hand, M79.641 - Current, Temporary/Acute, Initial

**PLAN:**

**New Medication Orders:**

| Rx# | Medication | Order Date | Start Date | Quantity | Prescriber Order |
|---|---|---|---|---|---|
| | APAP 325MG TABS | 05/11/2021 16:43 | 05/11/2021 | 28 | 325 mg By Mouth two times daily PRN x 14 day(s) |
| | Indication:  Pain in right hand | | | | |

**Disposition:**

   Kite PRN

**Other:**

   S/P intoxication with Spud juice.
   1. Right hand pain: Ace wrap right hand.
   Ice detail for three days.
   Consider right hand x ray.
   Patient reassured.
   All questions answered.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 05/11/2021 | Counseling | Compliance - Treatment | Herro, Frederick | Verbalizes Understanding |

**Co-Pay Required:**     No     **Cosign Required:**  No

Offender Name: VILLANUEVA, JOSE
Date of Birth: 05/22/1975   Sex: M   Off #: 0299314
Encounter Date: 05/11/2021 16:43   Provider: Herro, Frederick [FH] MD   Facility: SMT
Unit: 10

**Telephone/Verbal Order:** No

**Standing Order:** No

Completed by Herro, Frederick [FH] MD on 05/11/2021 16:51

# Michigan Department of Corrections

## Kite Response

**Offender #:**  0299314          **Offender Name:** VILLANUEVA, JOSE

**Location:**  IBC - BELLAMY CREEK CORRECTIONAL FACILITY          **Lock:**  03:154:Top:B

| | |
|---|---|
| **Discipline:** | Medical Records |
| **Received Date:** | 01/25/2023 |
| **Initiated Date:** | 01/25/2023 |
| **Taken By:** | Hunt, Ranee [RH11] HIM |
| **Request Type:** | Forms/Records |
| **Request Summary:** | On 5-11-21 at parnell corr. fac. photos were taken of me showing some injuries I suffered the day before on 5-10-21.  Can I please get some copies of this photos for legal reasons and exhibit as evidenciary support.  Thank you. |
| **Plan/Action:** | I do not see any photos in your medical chart, so that must of been something custody took.  I am not sure if you will be able to get those or how you would go about doing that. |
| **Comments:** | |

Villanueva Jose #299314
E.C. Brooks Corr. Fac.
2500 S. Sheridan Dr.
Muskegon Hgts. MI.
49444

To:
United States District
Court Eastern District
231 West LaFayette Blvd
Detroit MI 48226