UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE VILLANUEVA,

    Plaintiff,        Civil Action No. 23-12872

v.

                            Honorable Jonathan J.C. Grey

HEIDI E. WASHINGTON, et. al.,

    Defendants,
_____/

## OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL RIGHTS COMPLAINT

### I. INTRODUCTION

Before the Court is plaintiff Jose Villanueva's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Villanueva is a state prisoner incarcerated at the Brooks Correctional Facility in Muskegon Heights, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART.**

### II. STANDARD OF REVIEW

Villanueva was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## III. COMPLAINT

Villanueva alleges that he was walking through the prison cafeteria or "chowhall" at the Parnall Correctional Facility, where he was incarcerated at the time of the incident, when he was confronted by defendant Coleman, a prison guard. Coleman wanted to search or "shakedown" Villanueva. Villanueva and Coleman engaged in a verbal argument which accelerated into Coleman handcuffing Villanueva, then pushing Villanueva headfirst into a steel pole, causing Villanueva to lose consciousness. When Villanueva regained consciousness, he reported the incident to various of Coleman's superiors, informing them that Coleman

3

had acted with excessive force. One of these supervisors, defendant Lieutenant Crites, disbelieved Villanueva's allegations against Coleman. Instead, Crites charged Villanueva with the misconduct of assaulting a prison employee and insolence for the incident. Villanueva pleaded guilty at an administrative hearing to the insolence charge but contested the assault charge. An administrative hearing judge found Villanueva not guilty of assaulting Coleman. Villanueva suggests that Crites brought a false misconduct charge against him to protect Coleman or cover up Coleman's assault on Villanueva.

Villanueva claims he filed a grievance against Coleman and asked that Coleman be investigated for subjecting Villanueva to excessive force. Although several prison investigators named as defendants spoke with Villanueva, no actions have been undertaken against Coleman. All of Villanueva's grievances have been denied. Villanueva also claims that he was transferred to another prison in retaliation for him filing grievances in this matter. Villanueva now seeks monetary damages and injunctive relief against the various defendants.

## IV. DISCUSSION

### A. The suit must be dismissed against defendants Washington, Shaver, LaFave, and McRoberts.

The complaint must be dismissed against defendant Washington, the Director of the Michigan Department of Corrections, defendant Shaver, the warden at the Parnall Correctional Facility, and defendants LaFave and McRoberts, the deputy wardens. Villanueva failed to allege any personal involvement on the part of these defendants with respect to the alleged unconstitutional deprivations.

A supervisory official cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiff can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (citing to *Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

The complaint must be dismissed as to Washington because the complaint does not allege that Washington had any direct involvement in the alleged violations of Villanueva's constitutional rights. *See Sarr v. Martin,* 53 F. App'x 760, 761 (6th Cir. 2002). Any notice that Washington might have received through the prison's grievance system would be insufficient to make her personally liable for the alleged unconstitutional acts here. *Id.* Moreover, Washington's failure to act upon plaintiff's grievance would be insufficient to render her liable for these unconstitutional actions under § 1983. *Combs,* 315 F. 3d at 558.

Shaver, LaFave, and McRoberts likewise are not liable under § 1983 in their supervisory capacities for the alleged violation of Villanueva's rights. Villanueva did not allege that the warden or deputy wardens committed any alleged acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Defendants Washington, Shaver, LaFave, and McRoberts are **DISMISSED** from the complaint.

### B. The wrongful grievance claim and defendants Russell and Ryder are dismissed from the complaint.

Villanueva claims that defendants Russell or Ryder wrongly denied his administrative grievances. The Sixth Circuit has repeatedly held that

6

a prison official's wrongful denial of a prison grievance does not violate any federal constitutional right absent any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight,* 532 F. 3d at 576 (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell,* 199 F. 3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct). *See also Walker v. Michigan Dept. of Corrections,* 128 F. App'x 441, 445 (6th Cir. 2005); *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004); *Keenan v. Marker,* 23 F. App'x 405, 407 (6th Cir. 2001). In addition, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan,* 23 F. App'x at 407 (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). *See also Proctor v. Applegate,* 661 F. Supp. 2d 743, 767 (E.D. Mich. 2009) (internal citations omitted). Accordingly, the Court

**DISMISSES** Villanueva's wrongful denial of grievance claim and defendants Russell and Ryder, as there are no other claims against them.

### C. The failure to investigate claim and defendants Simmons, Lavigne, and Bailey are dismissed from the complaint.

Villanueva next alleges that defendants Simmons and Lavigne, prison inspectors at the Parnall Facility, and Captain Bailey, a supervisor at the facility, failed to adequately investigate his claim against Coleman or undertake any action against him for using excessive force.

Villanueva is not entitled to relief on this claim. The failure to investigate a prisoner's claim or grievance does not state a claim for relief. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *see also Wilkins v. Illinois Department of Corrections,* No. 08–cv–732–JPG, 2009 WL 1904414 at * 9 (S.D. Ill. July 1, 2009) ("Because inmates do not have a due process right to have their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was 'inadequate' or 'improper' does not state a constitutional claim"). The failure to investigate claim and defendants Simmons and Lavigne are **DISMISSED** from the complaint.

8

**D. The retaliatory transfer claim is dismissed.**

It is well-established law that prison officials cannot transfer an inmate to another prison facility in retaliation against the inmate for exercising his or her First Amendment rights. *See e.g., Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010). A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691–92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998). A complaint must allege that the defendants were

9

personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F. 2d 246, 251 (6th Cir. 1983).

Villanueva does not allege who was responsible for ordering his transfer, nor does he offer any facts to support his claim that he was transferred in retaliation for filing his grievance against Coleman. As Villanueva failed to allege that any of the named defendants ordered his transfer or that the transfer was in retaliation for filing his grievances, the Court **DISMISSES** Villanueva's retaliatory transfer claim.

### D. Villanueva states a viable claim for relief against the remaining defendants.

Villanueva's claim that Coleman subjected Villanueva to excessive force, if true, states a claim for relief. A claim of excessive force has both an objective and a subjective component. "The official must have acted with a sufficiently culpable state of mind, and the alleged wrongdoing must be objectively harmful enough to establish a constitutional violation." *Leonard v. Hoover*, 76 F. App'x 55, 57 (6th Cir. 2003). "In an excessive use of force claim, the subjective component requires the plaintiff to show that the defendants acted maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to

maintain or restore discipline." *Id.* (citations and internal quotation marks omitted).

Villanueva likewise has stated a viable claim for relief against Crites for allegedly attempting to cover up the incident. *See e.g., Grimm v. Lane,* 895 F. Supp. 907, 911–12 (S.D. Ohio 1995).

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Villanueva's civil rights complaint is **DISMISSED WITH PREJUDICE WITH RESPECT TO DEFENDANTS WASHINGTON, SHAVER, LaFAVE, McROBERTS, RUSSELL, RYDER, SIMMONS, LAVIGNE, AND BAILEY FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED** that Villanueva's claims against **COLEMAN AND CRITES REMAIN BEFORE THE COURT AND SHALL BE REFERRED TO THE PRISONER MEDIATION PROGRAM.**

SO ORDERED.

Dated: November 27, 2023

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

11

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 27, 2023.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager