UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSE VILLANUEVA,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI E. WASHINGTON, *et al.*,<br><br>Defendants. | Case No. 23-12872<br>Honorable Jonathan J.C. Grey<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR
APPOINTMENT OF COUNSEL (ECF NOS. 20, 21)**

Plaintiff Jose Villanueva, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action against several Michigan Department of Corrections' (MDOC) officers under 42 U.S.C. § 1983. ECF No. 1. The Honorable Jonathan J.C. Grey referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13. Villanueva now moves for appointment of counsel. ECF No. 20; ECF No. 21.

Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v.*

*Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id.* at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because of the consideration addressing the plaintiff's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Having reviewed Villanueva's complaint and case filings to this point, the Court finds that he has not shown that exceptional circumstances warrant the appointment of counsel at this juncture. In his motion,

Villanueva alleges that the "short staffed" library limits his ability to research his case, the issues are complex, he cannot access certain videos from the MDOC, and he has limited knowledge of the law.  ECF No. 20, PageID.143-144; ECF No. 21, PageID.146-147.

These typical arguments do not show that exceptional circumstances warrant the appointment of counsel.  And it is too early to assess the likelihood of success of Villanueva's claims because his complaint has yet to be tested by a dispositive motion under Federal Rules of Civil Procedure 12(b)(6) or 56.  Villanueva may renew his request if the pending dispositive motion is resolved in his favor.  ECF No. 19.  At this time, Villanueva's motions to appoint counsel, ECF Nos. 20 & 21, are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 9, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

3

**magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager
