UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSE VILLANUEVA,<br><br>        Plaintiff,<br><br>v.<br><br>HEIDI E. WASHINGTON, *et al.*,<br><br>        Defendants. | Case No. 23-12872<br>Honorable Jonathan J.C. Grey<br> Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S REQUEST TO DISMISS DOE DEFENDANTS WITHOUT PREJUDICE**

Plaintiff Jose Villanueva, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action against several Michigan Department of Corrections' (MDOC) officers under 42 U.S.C. § 1983. ECF No. 1. The Honorable Jonathan J.C. Grey referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13.

The complaint lists the named defendants and "any Un-named John and Jane Doe[s]." ECF No. 1, PageID.1. But Villanueva asserts no claims against the Doe defendants in his complaint. The Court thus ordered him to show cause "why the Doe defendants should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Rule 41.2." ECF No. 14, PageID.88-89. Villanueva then requested to voluntarily

dismiss them without prejudice. ECF No. 16, PageID.91.

The Court was mistaken when it referred to Rule 41 in its show cause order, as that rule permits only dismissal of the entire action, not of individual claims or defendants. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018). Federal Rule of Civil Procedure 21 applies when a plaintiff seeks to dismiss individual claims or defendants. Rule 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trs. v. Courtad, Inc.*, No. 5:12-cv-2738, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013).

When applying Rule 21, courts must "consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party." *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) (cleaned up). Here, the Doe defendants would suffer no prejudice, as they were not served and Villanueva advanced no claims against them in his complaint. Thus, the Court **RECOMMENDS** that the Doe defendants be **DISMISSED WITHOUT PREJUDICE**.

                                   s/Elizabeth A. Stafford
                                   ELIZABETH A. STAFFORD
                                   United States Magistrate Judge

Dated: July 11, 2024

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2024.

                                            s/Donald Peruski
                                            DONALD PERUSKI
                                            Case Manager