UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE VILLANUEVA,

        Plaintiff,

v.

COLEMAN, *et al*.,

        Defendants.

Case No. 23-12872
Honorable Jonathan J.C. Grey
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT CRITES'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 19)**

## I.  Introduction

Plaintiff Jose Villanueva, a prisoner of the Michigan Department of Corrections (MDOC), filed a civil rights action under 42 U.S.C. § 1983. ECF No. 1.  The Honorable Jonathan J.C. Grey referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 13.

Villanueva's complaint alleges that defendant Coleman—a correctional officer at Parnall Correctional Facility—subjected him to excessive force when he pushed him into a steel pole during a verbal altercation causing him to lose consciousness.  ECF No. 1, PageID.5.

Villanueva claims that Lieutenant Crites authorized a false and retaliatory misconduct report against him after the incident.  *Id.*, PageID.7.  Defendant Crites moves for summary judgment for failure to exhaust administrative remedies.  ECF No. 19.  For the reasons below, the Court **RECOMMENDS** that Crites's motion be **GRANTED**.

## II.   Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go

beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir.

2015).  "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so."  *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up).  Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).  "A district court should grant summary judgment only if defendant establishes that there is no genuine dispute of material fact that a plaintiff failed to exhaust."  *Does 8-10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019) (cleaned up).

## B.

Crites argues that Villanueva did not exhaust any claims against him because Crites was not named as the subject of a grievance as is required under the grievance process outlined in MDOC Policy Directive (PD) 03.02.130.  ECF No. 19, PageID.112-113.  But a retaliatory misconduct report claim is not exhausted through the grievance process.  The PD states that decisions about misconduct are non-grievable and must be challenged through a hearing.  *See* ECF No. 19-2, PageID.120-121, ¶ J.

Thus, the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing. *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). "If the prisoner does not successfully resolve the dispute at the misconduct hearing, he must 'file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order.'" *Smith*, 2019 WL 7946345, at *3 (quoting Mich. Comp. Laws § 791.255(1)) (cleaned up).

After the altercation between Coleman and Villanueva, Coleman issued a misconduct report charging Villanueva with assault and battery and insolence. ECF No. 19-3, PageID.139. Crites reviewed the report with Villanueva. ECF No. 1, PageID.7. Villanueva claims that he explained to Crites that Coleman wrote this misconduct report to cover up that fact that he assaulted Villanueva. *Id*. But Crites accused him of lying and authorized the report. *Id*. Coleman is listed as the reporting staff member on the misconduct report, and Crites is the reviewing officer. ECF No. 19-3, PageID.139.

Villanueva had a hearing related to the misconduct ticket which resulted in the dismissal of the assault and battery charge. *See* ECF No.

19-3, PageID.140-141. But during the hearing, Villanueva did not raise any allegations against Crites. *See id*. "Allegations that a misconduct ticket was issued in retaliation against the prisoner must be raised at the hearing." *Parker v. Turner*, No. 20-12794, 2022 WL 722192, at *3-4 (E.D. Mich. Mar. 9, 2022) (citing *Siggers*, 652 F.3d. 693-694). Because Villanueva did not raise his retaliation claim against Crites in a misconduct hearing, he has not exhausted his administrative remedies. *See Miller v. Klee*, No. 17-11006, 2018 WL 1354473, at *5 (E.D. Mich. Feb. 3, 2018) (holding that a prisoner must raise the issue of retaliation at a misconduct hearing to properly exhaust administrative remedies); *Harris-Bey v. Alcodray*, No. 16-12666, 2017 WL 3124328, at *4 (E.D. Mich. July 24, 2017) (finding that a plaintiff failed to exhaust a retaliatory misconduct claim because he "did not allege retaliation at his misconduct hearing.")

### III.     Conclusion

The Court **RECOMMENDS** that Crites's motion be **GRANTED** (ECF No. 19), and that Villanueva's claims against him be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 7, 2024

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2024.

                                      s/Davon Allen
                                      DAVON ALLEN
                                      Case Manager