UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSE VILLANUEVA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COLEMAN,<br><br>　　　　　　Defendant. | Case No. 23-12872<br>Honorable Jonathan J.C. Grey<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION
TO DISMISS PLAINTIFF'S CLAIM AGAINST DEFENDANT COLEMAN
FOR FAILURE TO PROSECUTE AND TO DENY COLEMAN'S
MOTIONS AS MOOT
(ECF NOS. 43, 47)**

**I.　Introduction and Background**

Plaintiff Jose Villanueva, a prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. ECF No. 1. The Honorable Jonathan J.C. Grey referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13.

Villanueva's sole remaining claim is for excessive force against Defendant Shaquille Coleman, a correctional officer at Parnall Correctional Facility. ECF No. 1, PageID.5. Coleman moves for summary judgment

1

based on exhaustion and moves to stay the case until that motion is decided.  ECF No. 43; ECF No. 47.  Villanueva was ordered to respond to both motions, but failed to do so.  ECF No. 46; ECF No. 49.  Mail the Court sent to Villanueva was returned as undeliverable with a note that he was paroled, so this Court ordered Villanueva to "**SHOW CAUSE**, in writing, no later than **October 3, 2025**, why the Court should not dismiss this action for his failure to notify the Court of his current address."  ECF No. 50; ECF No. 51.  Villanueva did not respond to the show cause order.  Villanueva was also advised early on that this case may be dismissed if he fails to promptly notify the Court of a change in his address.  ECF No. 6.

The Court thus **RECOMMENDS** that Villanueva's claim against Coleman be **DISMISSED WITH PREJUDICE** for failure to prosecute and that Coleman's motions be **DENIED** as moot.

II.    Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The authority to dismiss a plaintiff's case for failure

2

to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown." E.D. Mich. LR 41.2 (cleaned up). Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link,* 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Villanueva is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004). "Pro se litigants are not to be

accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal. For the first factor, Villanueva is at fault because he has not updated the Court on his current address and because he failed to respond to the motions and the order to show cause. These failures either were done in bad faith or were "willful and with fault." *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

Although there is no evidence that Coleman was prejudiced by Villanueva's inaction, the third and fourth factors weigh heavily in favor of dismissal. The Court warned Villanueva that his failure to respond to the show cause order could result in dismissal of the action. And "dismissal is the only appropriate remedy because [Villanueva] has effectively abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), adopted, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

4

## III. Conclusion

The Court **RECOMMENDS** that Villanueva's claim against Coleman be **DISMISSED WITH PREJUDICE** and that Coleman's motions (ECF No. 43; ECF No. 47) be **DENIED** as moot.

Dated: October 14, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 14, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
